| † KATZ, Judge.
I. STATEMENT OF THE CASE
On February 6, 1997, defendant, Norvel Trepagnier, was charged by bill of information with three counts of attempted second degree murder in violation of LSA-R.S. 14:27-14:30.1.[1] The defendant entered pleas of not guilty to all three counts at his arraignment on February 28, 1997. A suppression and preliminary hearing was held on April 4, 1997. The trial court found probable cause and denied defendant’s motion to suppress identification. After a jury trial on April 28,1997, the defendant was found guilty as charged on all three counts. On July 9, 1997, the trial court sentenced the defendant to serve fifty (50) years at hard labor without benefit of probation, parole or suspension of sentence on each count. The State filed a multiple bill of information to which the defendant pled guilty. The trial court adjudicated the defendant a second felony offender on count one, vacated the sentence previously imposed on count one and resentenced defendant under the multiple bill to serve fifty (50) years at hard labor without benefit of probation, parole or suspension of sentence. The trial court denied defendant’s motion for reconsideration of sentence. This Court affirms the conviction and the sentence imposed by the trial court.
1JI. STATEMENT OF FACTS
On November 12, 1996, David GiUard was visiting with his cousin, Gary, Gary’s girlfriend, Sarah, and Sarah’s cousin, Treniece, at Gary’s house on Annette Street. They were sitting on the front porch when defendant and Price pulled up in front of the house. The defendant and David had a verbal argument, after which the defendant and Price left. David and the others went inside the house. Later that evening, as David, Treniece, Sarah and Gary were leaving the house to go and get something- to eat, the defendant and Price jumped from the side of the house- and started shooting at them. The defendant had a shotgun, and Price had a pistol.
The defendant shot David Gillard several times. The defendant ran to the side of the house and continued to shoot at David. David rolled under the house to avoid the defendant. Shortly thereafter, the police *820 arrived, and they transported David to Charity Hospital for treatment. During the time David was in the hospital, he underwent two surgeries. The defendant shot him in the groin area, legs, chest, arms and back. David identified the defendant at trial and in a photographic lineup as the person who shot him.
The defendant also shot Treniece Tapo in the leg and buttocks and Gary Jones in the chest and right thigh. Treniece spent three days in Charity Hospital. At trial, all three of the victims identified the defendant as the person who shot them.
At approximately 8:00 p.m. on November 12th, New Orleans Police Officers Willie Jones and Clifton Neely received a call of a shooting at the intersection of Annette and Law Streets. When the officers arrived, they observed a female, who had sustained a gunshot wound to the thigh, lying in the street. Bystanders told the officers there were two other victims. The officers found one victim on the porch [3at 2600 Annette Street. The officers found the other victim lying underneath the house. The victim on the porch sustained gunshot wounds to the foot and right leg. The victim under the house sustained a gunshot wound to the groin area. The officers called for an emergency medical unit and the crime lab. Officer Jones took a statement from the female victim who stated she was standing on the side of the porch when the defendant walked up and began firing at them.
Officer Millard Green of the New Orleans Police Department Crime Lab processed the scene for evidence. He seized two live 38 caliber cartridges from the middle of the street, one spent shotgun shell from the side of the house and one spent shotgun shell on the steps. The officer also located one spent lead fragment that was taken from a house down the street.
Norvel Trepagnier testified that he lived at 2629 Annette Street. He knew David from seeing him around the house a few times. On November 12th Trepagnier was driving down the street when he saw a guy who owed him money. The defendant got out of his car and stopped the person. He started arguing with the man. David jumped in and started to curse Trepagnier. David had been selling the guys some drugs. David then called to Treniece, who handed him something. Trepagnier jumped into his car and left. Later that evening, Trepagnier and his friend, Steven Price, drove around while smoking marijuana. Trepagnier dropped Price off on Allen Street, and Trepagnier spent the rest of the evening with a female friend who had beeped him. Trepagnier acknowledged a “prior conviction for unauthorized use of a movable” for which he was on probation at the time of the present offense.
hill. ASSIGNMENTS OF ERROR

Assignment of Error Number One:

Trepagnier argues that the trial court erred in denying his motion for a mistrial. We disagree.
In the instant case, the trial court denied the motion for mistrial but admonished the jury that the statement was extraneous and that they (jury) were to disregard the comment in deciding the guilt or innocence of Trepagnier. Trepagnier made a request for a motion for a new trial after Treniece Tapo testified as to the absence of another witness, Sarah Fields.
We find that the trial court’s admonition to the jury was sufficient and in accordance with C.Cr.P. article 771(2). Therefore, this assignment of error is without merit.

Assignment of Error Number Two:

Trepagnier contends that the State failed to present sufficient evidence to support his conviction for the attempted second degree murder of Treniece Tapo. We disagree.
“The standard for testing the sufficiency of evidence is whether, after viewing the *821 evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt.” State v. Merrill, 650 So.2d 793 (La.App. 4 th Cir.1995) citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
After reviewing the trial transcript, the Court finds that a rational trier of fact would find that the essential elements of the offense have been proven beyond a reasonable doubt.
Accordingly, this assignment of error is without merit.
| ^Assignment of Error Number Three:
Trepagnier alleges that the trial court erred in imposing an unconstitutionally excessive sentence and in denying the defendant’s motion to reconsider sentence. The defendant contends that the trial court failed to articulate sufficient reasons on the record for imposing the sentence in accordance with the sentencing guidelines set forth in C.Cr.P. article 894.1.
After reviewing the record and looking at the totality of the circumstances of the case at bar, the Court finds the articulation by the trial court to be adequate and sufficient for imposing the sentence of fifty (50) years at hard labor without benefit of probation, parole, or suspension.
Accordingly, the Court finds that this assignment of error is without merit.
IV. CONCLUSION AND DECREE
We conclude that: the Trial Court did not err in denying the request for a mistrial; the State presented sufficient evidence to support the defendant’s conviction for the attempted second degree murder of Treniece Tapo; the defendant’s sentence was not unconstitutionally excessive; and the Trial Court did not err in denying the defendant’s motion to reconsider sentence.
Accordingly, this Court affirms the conviction and sentence of the defendant Norvel D. Trepagnier.

CONVICTION AND SENTENCE ARE AFFIRMED.

BAGNERIS, J., Concurs in the Affirmation of the Conviction and Sentence.

. Trepagnier’s co-defendant, Stephen Price, was also charged with three counts of attempted second degree murder in the same bill of information. On April 28, 1997, the trial court severed the defendants. Stephen Price withdrew his not guilty pleas on May 6, 1997, and entered guilty pleas to three counts of aggravated battery. The trial court sentenced Price to serve five years at hard labor on each count with credit for time served.